**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**MINNESOTA LAWYERS MUTUAL
INSURANCE CO.,**

      **Plaintiff,**

      v.                          **CIVIL ACTION NO. 2:07cv4**

**JOHN B. DINSMORE and
LORI, INC.,**

      **Defendants.**

*MEMORANDUM OPINION & ORDER*

This matter is before the Court on Lori, Inc.'s ("Lori") motion for judgment on the pleadings. Having carefully reviewed the pleadings, the Court finds this matter ripe for judicial determination. For the reasons below, Lori's motion for judgment on the pleadings is **GRANTED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

On March 22, 2005, Lori filed suit against John B. Dinsmore ("Dinsmore") in the Circuit Court for the City of Hampton, Virginia. Lori alleges that Dinsmore, an attorney, breached his contract and duty of care to Lori with regard to Dinsmore's representation of Lori in connection

with Lori's purchase of real property in Hampton, Virgina. According to Lori's state court complaint, Dinsmore's allegedly defective representation resulted in Lori's acquisition of defective title to the property as well as lack of title insurance coverage for the resulting loss.

On January 5, 2007, Minnesota Lawyers Mutual Insurance Co. ("MLM") filed the instant action in this Court. MLM is Dinsmore's professional liability insurance carrier. MLM is seeking a declaration that Dinsmore breached a contractual precondition to insurance coverage, so that MLM is released from liability under the insurance contract. Lori filed an answer on January 25, 2007. Lori filed the instant motion for judgment on the pleadings on May 31, 2007. There has been no response to Lori's motion.

## II. LEGAL STANDARD

Lori's motion is a motion for judgment on the pleadings. Lori has filed an answer; therefore, a motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted would not be appropriate. However, Rule 12(h)(2) provides that a defense of failure to state a claim upon which relief can be granted may be raised in a motion for judgment on the pleadings under Rule 12(c). The distinction between a motion under Rule 12(b)(6) and a motion for judgment on the pleadings under Rule 12(c) "is one without a difference" because the Rule 12(b)(6) standard applies to both. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002); *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

When addressing a defense of failure to state a claim upon which relief may be granted, courts may only rely upon the complaint's allegations and those documents attached as exhibits

or incorporated by reference. *See Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). In addition, courts will favorably construe the allegations of the complainant, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), and assume that the facts alleged in the plaintiff's complaint are true. *See McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). A court will only grant a motion to dismiss if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Johnson v. Mueller*, 415 F.2d 354, 354 (4th Cir. 1969).

### III. DISCUSSION

Lori argues that MLM's complaint fails to state a claim upon which relief can be granted as to Lori. The "wherefore" clause of MLM's complaint that requests relief asserts that MLM seeks a declaration of the parties' rights and liabilities under the insurance contract and a declaration that Dinsmore breached the insurance contract, relieving MLM of liability under it. (Complaint at 6.) MLM does not request any relief directly from Lori. The instant suit is solely concerned with Dinsmore's insurance policy with MLM. All of MLM's claims relate to the insurance contract between itself and Dinsmore, to which Lori is not a party. Lori is suing Dinsmore in state court for professional malpractice; whether or not Dinsmore is covered by MLM's policy is out of Lori's control. MLM's complaint completely fails to state how Lori could be liable to it in the instant case. In short, MLM has not stated a claim against Lori.

## IV. CONCLUSION

For the foregoing reasons, Lori's motion for judgment on the pleadings is **GRANTED**. MLM's complaint is dismissed with prejudice as to Lori.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel and parties of record.

**IT IS SO ORDERED**.

_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 9, 2007